**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose G. Puente, Claimant Henry Serrano, et al., ) ) ) | No. CV 97-1734-PHX-RGS |
| Plaintiffs, ) ) | **ORDER** |
| vs. ) ) ) | |
| State of Arizona, et al., ) ) | |
| Defendants. ) ) | |

This matter was instituted by the filing of a complaint on August 15, 1977, against the Arizona Department of Transportation ("ADOT") and others. On March 15, 1999 Class Certification was granted pursuant to Fed. R. Civ. P. § 23(b). The class included all Hispanic applicants for an ADOT position and all Hispanic employees of ADOT.

A final consent decree disposing of the class complaint was issued in September 2000. The decree provided that certain named individuals could present claims for damages for alleged ADOT acts of discrimination, retaliation or discriminatory employment policies for the period from January 1, 1994, to December 19, 2000.

The claims of Plaintiff Henry Serrano came before United States Magistrate Judge Virginia A. Mathis for a bench trial during August and September, 2003. Plaintiff's three theories of recovery were set forth as follows:

> 1. The 1% merit pay increase awarded to Plaintiff in January, 1998, was due to the racial animus of his

work supervisors Dennis Kasl and Victor Ausbun;

2. Although Plaintiff assumed added duties in the Traffic Operations warehouse in October 1977, replacing a Grade 15 storekeeper in those duties, Traffic Operations manager Victor Ausbun's refusal to promote or reclassify his grade 11 warehouse worker position to Grade 15 storekeeper until March, 1999 when he was finally promoted to that position, was based on racial prejudice; and

3. The conduct of Victor Ausbun and Dennis Kasl, including verbal abuse by Dennis Kasl and offensive language by Victor Ausbun, created a hostile work environment in and of itself, resulting in severe mental and emotional distress, justifying damages for violation of his federal constitutional rights under Title VII of the Civil Rights Act.

On September 30, 2003, the Magistrate Judge issued a Report and Recommendation in favor of Defendants. Plaintiff filed Objections to the Report and Recommendation on October 14, 2003. Defendants filed a response to the objections on November 5, 2003. Supplemental authority and responses thereto were filed on August 31, 2005, and September 14, 2005. Thereafter, Plaintiff filed an Amended and Corrected Second Citation of Supplemental Authority on February 21, 2006, and a Third Citation of Supplemental Authority on June 23, 2006.

Oral argument with respect to the Magistrate Judge's Report and Recommendation was held, and the matter was submitted to the District Court for ruling.

**STANDARD OF REVIEW**

In the Federal Magistrate's Act, Congress provided that, when reviewing a magistrate judge's report and recommendation, district court judges "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). De novo determination applies to all objections made to the report and recommendation, including objections to credibility findings. *See Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990). The court must make its

de novo determination based on a review of the record, and, if an evidentiary hearing was held, a review of the transcript of that proceeding. *See id.* The district court in its discretion "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The Court has conducted a review of the record before it, including an uncertified transcript of the evidentiary hearing, the Magistrate Judge's Report and Recommendation, each of Plaintiff's Objections, and Defendants' Responses thereto. The Court has also considered the positions presented by the parties at oral argument on October 31, 2005, as well as the applicable law, including Plaintiff's citation of supplemental authorities. Further, the Court previously has heard the testimony of Plaintiffs Manuel Hernandez, Frances Ortiz, Irene Simonetti, and Rose Vega during the hearings on Plaintiffs' Motion for Preliminary Injunction. The Court's resolution of Mr. Serrano's claims is based upon acceptance of the parties' stipulated facts and all of the Magistrate's Findings of Fact except those contained in paragraph forty. With respect to Plaintiff's Objections, except for those relating to Plaintiff's hostile work environment claim as discussed below, the Court finds Plaintiff's arguments unpersuasive.

## PLAINTIFF'S THEORIES FOR RECOVERY

1. <u>Claim One - Lower Merit Pay Increase</u>

> The one percent merit pay increase awarded to Plaintiff Serrano in January, 1998, was due to the racial animus of his work supervisors.

Plaintiff Serrano objects to the judge's finding that the 1% merit increase received by Caucasian co-worker and supervisor Dennis Kasl was comparable to that received by Plaintiff, contending that one's supervisor cannot be regarded as a "similarly situated" employee for Title VII purposes. While that statement is generally true, the evidence here established that the merit increases were awarded by budget unit or "org." All of the employees within an org were compared by their evaluation scores, regardless of their

- 3 -

1  position. This procedure was used with respect to all employees within the same org for the
2  purpose of determining entitlement to merit increases.
3      The analysis of the Magistrate Judge with respect to this claim is based upon the
4  appropriate legal standard and the Judge's findings of fact are fairly supported by testimony
5  presented to the Court. In view of the foregoing, the Court will adopt the findings and
6  conclusion of the Magistrate Judge with respect to this claim.
7  2.    <u>Claim Two - Failure to Promote</u>

> Although Plaintiff assumed added duties in the Traffic Operations warehouse in October 1977, replacing a Grade 15 storekeeper in those duties, Traffic Operations Manager Victor Ausbun's refusal to promote or reclassify his Grade 11 warehouse worker position to Grade 15 storekeeper until March, 1999, when he was finally promoted to that position, was based on racial prejudice.

13      Plaintiff contends that his claim with respect to achieving a Grade 15 level of
14  employment should have been analyzed as a "disparate treatment" claim as well as a "failure
15  to Promote" claim. Plaintiff's assertion that he "asked to be made a Grade 15 Storekeeper
16  and did not limit his request to a promotion" supports a conclusion that he understood that
17  some process, such as reclassification, was available to achieve Grade 15 status other than
18  awaiting the occurrence of a Grade 15 vacancy. The fact remains that there were no
19  available Grade 15 Storekeeper positions at the time that Plaintiff made his request.
20  Furthermore, the Magistrate Judge in considering Plaintiff's request to be made a Grade 15
21  employee included the following in her Report and Recommendation:

> [T]he crux of plaintiff's claim is not that he was rejected for an open position, but rather, that his boss, Victor Ausbun, in spite of the fact that no opening for a Grade 15 storekeeper was then available, failed to take the affirmative step of reclassifying his position to that of a Grade 15 storekeeper. However plaintiff cites no authority to support an allegation that an employer violates Title VII if . . . he fails to take affirmative steps . . . to reclassify a position from a lower pay grade to a higher one.
>
> . . . .
>
> . . . He also alleges Ausbun did not inform him he could seek reclassification. However, testimony at trial reveals that ADOT

- 4 -

> personnel literature available to all employees explains how employees can seek reclassification of their jobs to a higher pay grade.

The Court finds that the Magistrate Judge made appropriate finding of fact with respect to this issue and that the legal analysis was fair and correct as presented. The Court does not find that a separate analysis of the claim under a "disparate treatment" theory would have altered the Magistrate's conclusion under the facts as found by the Judge and set forth in her Report and Recommendation.

3.  <u>Claim Three - Hostile Work Environment</u>

> The conduct of Victor Ausbun and Dennis Kasl, including verbal abuse by Dennis Kasl and offensive language by Victor Ausbun, created a hostile work environment in and of itself, resulting in severe mental and emotional distress, justifying damages for violation of Plaintiff's federal constitutional rights under Title VII of the Civil Rights Act.

Plaintiff's final claim contends that discriminatory and hostile conduct of his supervisors Victor Ausbun and Dennis Kasl created a hostile work environment entitling him to damages under the Civil Rights Act. Plaintiff's working environment involved two supervisors and just a few fellow employees. During the period of time from late 1997 (November or December) until late February 1998, supervisor Ausbun addressed Plaintiff using the terms "boy" and "pimp" on several occasions. In addition, Plaintiff's immediate supervisor, Dennis Kasl, often raised his voice and verbally abused Plaintiff. Plaintiff testified that he was offended by being repeatedly called a "pimp" by Mr. Ausbun. Plaintiff further testified that as a result of the harassment he received from his supervisors, he "felt bad" and was upset to the point that he did not want to come to work. In view of the facts set forth above concerning the content, frequency and duration of the offensive conduct and the testimony of Plaintiff concerning its effect on him, the Court finds and concludes that for an unacceptable period of time, Mr. Serrano's workplace was permeated with discriminatory ridicule and insult thereby creating a racially hostile work environment entitling Plaintiff to damages for violation of his civil rights.

**CONCLUSION**

The claims of Henry Serrano and the Report and Recommendation of the Magistrate Judge having been reviewed,

**IT IS ORDERED** adopting the Report and Recommendation in part. [Doc. # 222]

**IT IS FURTHER ORDERED** with respect to Plaintiff's Claim One and Claim Two, the Court adopts the Magistrate Judge's findings of fact and conclusions of law as written and as modified and supplemented herein.

**IT IS FURTHER ORDERED** with respect to Plaintiff's Claim Three, the Court declines to adopt the Magistrate Judge's findings of fact contained in paragraph forty and the conclusions of law relating thereto and further finds that Plaintiff is entitled to recover the sum of $18,000.00 from Defendants as damages for emotional distress endured in violation of his federal constitutional rights under Title VII of the Civil Rights Act.

**IT IS FURTHER ORDERED,** pursuant to 42 U.S.C. § 1988, awarding Plaintiff's attorneys the sum of $6,000.00 as attorney's fees with respect to this claim.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in accordance with this order.

DATED this 10th day of April, 2007.

_____
Roger G. Strand
Senior United States District Judge