**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose G. Puente, Claimant Frances Ortiz, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> State of Arizona, et al., <br><br> Defendants. | No. CV 97-1734-PHX-RGS <br><br> **ORDER** |

This matter was instituted by the filing of a complaint on August 15, 1977, against the Arizona Department of Transportation ("ADOT") and others. On March 15, 1999 Class Certification was granted pursuant to Fed. R. Civ. P. § 23(b). The class included all Hispanic applicants for an ADOT position and all Hispanic employees of ADOT.

A final consent decree disposing of the class complaint was issued in September 2000. The decree provided that certain named individuals could present claims for damages for alleged ADOT acts of discrimination, retaliation or discriminatory employment policies for the period from January 1, 1994, to December 19, 2000.

The claims of Plaintiff Frances Ortiz came before United States Magistrate Judge Virginia A. Mathis for a bench trial during September 2003. Plaintiff's claims for recovery were presented as follows:

### Claims of Discrimination by Her Supervisor Sam Lee During Her Time in the Mail Room

1. Subjecting Ms. Ortiz to inappropriate scrutiny and surveillance.

2. Assigning Ms. Ortiz tasks which required heavy lifting which had traditionally been assigned to male employees.

3. Making threatening statements to Ms. Ortiz not made to Anglos (such as threatening to fire her).

4. Making derogatory racial remarks to Ms. Ortiz.

5. Removing Ms. Ortiz' desk from her office.

6. Refusing to place Ms. Ortiz on light duty status while she recovered from an injury.

7. Although not set forth in the Pretrial Statement and, therefore, not properly before the Court, Plaintiff at trial testified she was sexually harassed by Sam Lee.

### Claim of Discrimination by Her Supervisor Sharon Chavez

1. Ms. Chavez failed to upgrade her position when requested. (This claim was disposed of on Defendants' motion pursuant to Rule 52(c), Fed. R. Civ. P., at the close of Plaintiff's case).

### Claims of Retaliation

1. Around February 1998, Plaintiff was threatened with being transferred back into the mail room to work under Sam Lee.

2. On May 8, 1998, after she testified in this case, Plaintiff found all her desk drawers open and it appeared as though they had been searched and her cassette/CD player was missing.

3. Sharon Chavez was angry with Plaintiff when Plaintiff reported that she had to appear in court again on May 13, 1998, and Ms. Chavez required her to come to work before she went to court.

4. Plaintiff was not allowed to list Wendy Miller as a "peer" for her 360 appraisal.

5. In June 1998, Ms. Ortiz was chastised by her supervisor, Sharon Chavez, when it was reported that she was involved in a incident with Christina Mendez.

6. During May 1998, the microfilm room was remodeled and reduced in size. During the remodeling, Plaintiff was forced to work in dust and debris, she developed a respiratory problem and was hospitalized for one week. When she complained to Chavez, she was told to find another place to work.

7. When Ms. Ortiz was interviewed by Eddie Edison and Thomas Moore in early August 1998 with respect to issues raised in the lawsuit against ADOT, they did not take her complaints seriously and instead insisted she was wrong in her accusations of discrimination and retaliation.

On October 16, 2003, the Magistrate Judge issued a Report and Recommendation in favor of Defendants. Plaintiff filed Objections to the Report and Recommendation on November 5, 2003. Defendants filed a Response to the Objections on November 19, 2003. Supplemental authority and responses thereto were filed on August 31, 2005, and September 14, 2005. Thereafter, Plaintiff filed a Citation of Supplemental Authority on June 23, 2006.

Oral argument with respect to the Magistrate Judge's Report and Recommendation was held, and the matter was submitted to the District Court for ruling.

## STANDARD OF REVIEW

In the Federal Magistrate's Act, Congress provided that, when reviewing a magistrate judge's report and recommendation, district court judges "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). De novo determination applies to all objections made to the report and recommendation, including objections to credibility findings. *See Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990). The court must make its

1  de novo determination based on a review of the record, and, if an evidentiary hearing was
2  held, a review of the transcript of that proceeding. *See id.* The district court in its discretion
3  "may also receive further evidence or recommit the matter to the magistrate judge with
4  instructions." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The Court has conducted a review of the record before it, including a certified transcript of the evidentiary hearing, the Magistrate Judge's Report and Recommendation, each of Plaintiff's Objections, and Defendants' Responses thereto. The Court has also considered the positions presented by the parties at oral argument on October 31, 2005, as well as the applicable law, including Plaintiff's citation of supplemental authorities. Further, the Court previously has heard the testimony of Plaintiffs Manuel Hernandez, Frances Ortiz, Irene Simonetti, and Rose Vega during the hearings on Plaintiffs' Motion for Preliminary Injunction. The Court's resolution of Plaintiff's claims is based upon acceptance of the parties' stipulated facts and all of the Magistrate's Findings of Fact except as hereinafter noted by the Court.

**CONSIDERATION OF PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's objection concerning her claims for recovery is sustained to the extend that the Report and Recommendation is deemed modified to include the following in a listing of her claims for recovery:

Plaintiff's Mail Room Supervisor made her aware that he was unhappy when told by his superiors that he must hire Plaintiff.

Plaintiff's Mail Room Supervisor refused to allow Plaintiff opportunities to apply for a promotion until required to do so by his supervisor.

Plaintiff's Mail Room Supervisor removed time from her time card.

Plaintiff claims that she was racially harassed by Jerry Millhouse.

- 4 -

1  Because of the incident with Christina Mendez, Ms. Chavez advised Plaintiff that she would not be permitted to go to the front part of the building adjacent to her office because Christina Mendez might be present.

Following the Mendez incident, Plaintiff was required to eat lunch in the Microfilm Room; however Ms. Chavez would not allow anyone else to eat lunch in the work area.

With respect to the Findings of Fact in the Report the same are deemed supplemented to include the following:

Plaintiff's medical records include history related by Plaintiff as follows: "She complains of situational anxiety and depression. This is mainly regarding her work. She's a plaintiff in a lawsuit with the State of Arizona and the case has been going on for about five years now. It's actually almost over. She's under a lot of stress from her supervisor as well." (Ex. 136 F0Z0094)

"Patient says that work counselor recommended that she transfer to another dept." (Ex. 136 F0Z0128)

With respect to the Finding of Fact set forth in paragraph S of Section III of the Report, Plaintiff's objection to the use of the word "extreme" is sustained, and the sentence shall be deemed amended to provide as follows: "Plaintiff's supervisors at ADOT were prudent and careful in their conduct to prevent any potential for retaliation."

With respect to Plaintiff's remaining Objections, the Court finds Plaintiff's arguments unpersuasive. The Court adopts the Findings of Fact as set forth except to the extent herein noted.

**CONCLUSION**

The court finds and concludes that the Magistrate Judge properly applied the law on discrimination and retaliation to the facts that have been established in this claim proceeding. Further the Court adopts the conclusions of law as set forth in the Report.

Accordingly,

**IT IS ORDERED** revising the Report as noted above.

1  **IT IS FURTHER ORDERED** adopting the revised Report and Recommendation
2  recommending that Plaintiff's claims be denied. [Doc. # 230]
3  **IT IS FURTHER ORDERED** that Plaintiff's claims of discrimination and retaliation
4  in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., be denied.
5  **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in
6  accordance with this order.
7  DATED this 10th day of April, 2007.

_____
Roger G. Strand
Senior United States District Judge