**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose G. Puente, Claimant Irene Canales Simonetti, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>        Defendants. | No. CV 97-1734-PHX-RGS<br><br>**ORDER** |

      This matter was instituted by the filing of a complaint on August 15, 1977, against the Arizona Department of Transportation ("ADOT") and others. On March 15, 1999, Class Certification was granted pursuant to Fed. R. Civ. P. § 23(b). The class included all Hispanic applicants for an ADOT position and all Hispanic employees of ADOT.

      A final consent decree disposing of the class complaint was issued in September 2000. The decree provided that certain named individuals could present claims for damages for alleged ADOT acts of discrimination, retaliation or discriminatory employment policies for the period from January 1, 1994, to December 19, 2000.

      The claims of Plaintiff Irene Canales Simonetti came before United States Magistrate Judge Virginia A. Mathis for a bench trial during December 2003. Plaintiff claims that she was retaliated against for engaging in activity protected by Title VII. Specifically, Plaintiff

claims that the following alleged actions or events constituted adverse employment actions for purposes of Title VII:

    1. Lower performance evaluations;

    2. Mr. Bonine telling Ms. Simonetti in a meeting that he did not want to hear negative reports, only positive things;

    3. Mr. Bonine and Ms. Peters excluding Ms. Simonetti from meetings and cancelling meetings with her;

    4. The decision to contract out the EAP program;

    5. Giving Ms. Simonetti no job duties from October 1995 to April 1996;

    6. The decision not to place Ms. Simonetti in the position of coordinating the EAP contract;

    7. The decision not to place Ms. Simonetti in the redeployment pool;

    8. The decision to move Ms. Simonetti to a position in the Medical Review office and not provide her with a written job description in a timely manner;

    9. Initially telling Ms. Simonetti she would not receive extra compensation for acting as the office manager, and then paying her extra compensation later;

    10. The decision to make Lupe Valdivia the permanent manager for the Medical Review office;

    11. Telling Ms. Simonetti she would lose evaluation points if she did not name peers for the peer evaluation;

    12. Labeling Ms. Simonetti a "troublemaker";

    13. The decision to place Ms. Simonetti in the Right of Way Section as a detail to special duty rather than permanent employee; and

    14. The decision not to place Ms. Simonetti in a position in the Affirmative Action Office and telling Ms. Simonetti that she could not work in Affirmative Action unless she agreed that information she learned in her position could not be used in her lawsuit.

1    At the close of Plaintiff's case in chief, the Magistrate Judge granted Defendants' Fed.
2  R. Civ. P. 52(c) motion on Allegations 3, 7, 10 and 11 because they were not supported by
3  evidence. Plaintiff withdrew Allegation No. 12.
4    On February 6, 2004, the Magistrate Judge issued a Report and Recommendation in
5  favor of Defendants. Plaintiff filed Objections to the Report and Recommendation on
6  February 26, 2004. Defendants filed a Response to the Objections on March 11, 2004.
7  Supplemental authority and responses thereto were filed on August 31, 2005, and September
8  14, 2005. Thereafter, Plaintiff filed a Third Citation of Supplemental Authority on June 23,
9  2006.
10   Oral argument with respect to the Magistrate Judge's Report and Recommendation
11 was held, and the matter was submitted to the District Court for ruling.

## STANDARD OF REVIEW

13   In the Federal Magistrate's Act, Congress provided that, when reviewing a magistrate
14 judge's report and recommendation, district court judges "shall make a de novo determination
15 of those portions of the report or specified proposed findings or recommendations to which
16 objection is made" and "may accept, reject, or modify, in whole or in part, the findings or
17 recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Baxter v.
18 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). De novo determination applies to all
19 objections made to the report and recommendation, including objections to credibility
20 findings. *See Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990). The court must make its
21 de novo determination based on a review of the record, and, if an evidentiary hearing was
22 held, a review of the transcript of that proceeding. *See id.* The district court in its discretion
23 "may also receive further evidence or recommit the matter to the magistrate judge with
24 instructions." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

26   The Court has conducted a review of the record before it, including an uncertified
27 transcript of the evidentiary hearing, the Magistrate Judge's Report and Recommendation,
28 each of Plaintiff's Objections, and Defendants' Responses thereto. The Court has also

1 considered the positions presented by the parties at oral argument on October 31, 2005, as
2 well as the applicable law, including Plaintiff's citation of supplemental authorities. Further,
3 the Court previously has heard the testimony of Plaintiffs Manuel Hernandez, Frances Ortiz,
4 Irene Simonetti, and Rose Vega during the hearings on Plaintiffs' Motion for Preliminary
5 Injunction. The Court's resolution of Plaintiff's claims is based upon acceptance of the
6 parties' stipulated facts and all of the Magistrate's Findings of Fact except as hereinafter noted
7 by the Court.

**CONSIDERATION OF PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

With respect to the testimony of Plaintiff, the Court will sustain said party's objection to the reference of the taping of conversations with Mary Peters. Accordingly, the three sentences concerning this topic at lines 23-26 of page 11 of the Report and Recommendation shall be deemed deleted. Further, Plaintiff's objection to the Report shall be sustained to the extent of revising lines 3 to 7 on page 13 of the Report as follows: "Plaintiff indicated to her supervisors that she could not move for health reasons. As a result, the entire office moved without plaintiff. As a result of her inability to move, Ms. Valdivia became the permanent manager of the Medical Review Office."

With respect to the testimony of Shafique Jamali, the Court sustains Plaintiff's objection to the extent that the Report's Finding of Fact No. 1 shall be deemed revised to eliminate the word "vast" from line 24 of page 31 of the Report, and to eliminate the final sentence of said Finding, which relates to a comparison of the contract cost with the cost of the in-house EAP program.

The objection to Finding of Fact No. 8 is sustained to the extent that said Finding shall be deemed revised as follows: "Ms. Simonetti did not receive extra compensation during the 45-50 days she was Office Manager in MVD because Ms. Simonetti's supervisor Charlene Knapp testified that the normal process required payment after the detail. Even if this was not, in fact, the proper procedure no act of retaliation was shown."

1    With respect to Finding of Fact No. 11, Plaintiff's objection is sustained and the
2 Report may be deemed modified by deleting Finding No. 11.
3    With respect to Plaintiff's remaining Objections, the Court finds Plaintiff's arguments
4 to be unpersuasive. The Court adopts the Findings of Fact as set forth in the Report except
5 to the extent noted herein.

## CONCLUSION

7    The court finds and concludes that the Magistrate Judge properly applied the law on
8 retaliation to the facts that have been established in this claim proceeding. Further the Court
9 adopts the conclusions of law as set forth in the Report.

10    Accordingly,

11    **IT IS ORDERED** revising the Report as noted above.

12    **IT IS FURTHER ORDERED** adopting the revised Report and Recommendation
13 recommending that Plaintiff's claim be denied. [Doc. # 257]

14    **IT IS FURTHER ORDERED** that Plaintiff's claims of retaliation in violation of
15 Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., be denied.

16    **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in
17 accordance with this order.

18    DATED this 10th day of April, 2007.

_____
Roger G. Strand
Senior United States District Judge