**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose G. Puente, Claimant Rose Vega, et al., <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>State of Arizona, et al., <br><br>　　　　Defendants. | No. CV 97-1734-PHX-RGS <br><br>**ORDER** |

      This matter was instituted by the filing of a complaint on August 15, 1977, against the Arizona Department of Transportation ("ADOT") and others. On March 15, 1999, Class Certification was granted pursuant to Fed. R. Civ. P. § 23(b). The class included all Hispanic applicants for an ADOT position and all Hispanic employees of ADOT.

      A final consent decree disposing of the class complaint was issued in September 2000. The decree provided that certain named individuals could present claims for damages for alleged ADOT acts of discrimination, retaliation or discriminatory employment policies for the period from January 1, 1994, to December 19, 2000.

      The claims of Plaintiff Rose Vega came before United States Magistrate Judge Virginia A. Mathis for a bench trial during February 2005. Plaintiff complained of violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. In the Pretrial Statement and at trial, Plaintiff Vega made the following claims of discrimination:

**A.** She needed and requested additional help to perform her job in the Benefits Office, Personnel Dept. However, she never received sufficient help to allow her to do the job. She attributes these acts of discrimination to Jerry Moreland, her supervisor.

**B.** While in the Benefits Section, Plaintiff Vega did not receive any promotions to a higher pay grade although she was performing at or above a satisfactory level. Her attempts to reclassify her job were also unsuccessful. She attributes these acts of discrimination to her supervisor, Jerry Moreland.

**C.** As a result of being overworked, she suffered stress and took a leave of absence. While on the leave of absence, she was told she could not return to her position. She was forced to elect to transfer to another position at MVD at a lower pay grade. When this happened, three people were assigned to do her old job, two Caucasians and one Hispanic. One of the Caucasians was paid at grade 15 while she was a grade 13. She attributes these acts of discrimination to Jerry Moreland.

**D.** After the filing of this lawsuit and her affidavit and testimony in support of the lawsuit, she suffered retaliation in the form of a lower job evaluation by Yvonne Lewis in June 1998, staring by Ruth Castor (Head of the Department), write-ups for being late by Yvonne Lewis, criticism of her attire/dress by Sharon Haggerty and refusal to give her more training by her superiors in MVD.

On March 16, 2005, the Magistrate Judge issued a Report and Recommendation in favor of Defendants. Plaintiff filed Objections to the Report and Recommendation on April 8, 2005. Defendants filed a Response to the Objections on May 13, 2005. Supplemental authority and responses thereto were filed on August 31, 2005, and September 14, 2005. Thereafter, Plaintiff filed a Third Citation of Supplemental Authority on June 23, 2006.

Oral argument with respect to the Magistrate Judge's Report and Recommendation was held, and the matter was submitted to the District Court for ruling.

## STANDARD OF REVIEW

In the Federal Magistrate's Act, Congress provided that, when reviewing a magistrate judge's report and recommendation, district court judges "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). De novo determination applies to all objections made to the report and recommendation, including objections to credibility findings. *See Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990). The court must make its de novo determination based on a review of the record, and, if an evidentiary hearing was held, a review of the transcript of that proceeding. *See id.* The district court in its discretion "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The Court has conducted a review of the record before it, including a certified transcript of the evidentiary hearing, the Magistrate Judge's Report and Recommendation, each of Plaintiff's Objections, and Defendants' Responses thereto. The Court has also considered the positions presented by the parties at oral argument on October 31, 2005, as well as the applicable law, including Plaintiff's citation of supplemental authorities. Further, the Court previously has heard the testimony of Plaintiffs Manuel Hernandez, Frances Ortiz, Irene Simonetti, and Rose Vega during the hearings on Plaintiffs' Motion for Preliminary Injunction. The Court's resolution of Plaintiff's claims is based upon acceptance of the parties' stipulated facts and all of the Magistrate's Findings of Fact except as hereinafter noted by the Court.

## CONSIDERATION OF PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

With respect to the testimony of Plaintiff, the Court will sustain said party's objection to the reference of her being "frequently" absent as set forth on page 12 of the Report and Recommendation, and the Report may be deemed amended to provide that she was "occasionally" absent.

Contrary to Plaintiff's assertion in her objections at paragraph 17 that the Magistrate failed to acknowledge her testimony that the volume of work led to Plaintiff experiencing emotional distress, the Report and Recommendation cites to this issue as follows: "Plaintiff testified that Jerry Moreland became her supervisor sometime in the late 1980s. She stated that during this period the volume of work increased . . . and she began to feel overwhelmed . . . ." (Report, p. 6.)

Plaintiff's objection at page 7, paragraph 19, relates to the failure to process certain checks. Said objection is sustained to the extent that the Report may be deemed amended to include the following: Plaintiff testified that the reason she did not process certain checks was due to the fact that they were made out in the incorrect amount. She further testified that she was told by Department of Administration supervisors not to process checks in the incorrect amount.

With respect to Plaintiff's remaining Objections, the Court finds Plaintiff's arguments to be unpersuasive. The Court adopts the Findings of Fact as set forth in the Report.

## CONCLUSION

The court finds and concludes that the Magistrate Judge properly applied the law on Title VII and retaliation to the facts that have been established in this claim proceeding. Further the Court adopts the conclusions of law as set forth in the Report.

Accordingly,

**IT IS ORDERED** revising the Report as noted above.

- 4 -

1  **IT IS FURTHER ORDERED** adopting the revised Report and Recommendation
2  recommending that Plaintiff's claim be denied. [Doc. # 305]

3  **IT IS FURTHER ORDERED** that Plaintiff's claims of disparate treatment and
4  retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., be
5  denied.

6  **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in
7  accordance with this order.

8  DATED this 10th day of April, 2007.

_____
Roger G. Strand
Senior United States District Judge

- 5 -